UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT GILLESPI E | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | 1:06-cv-2175- ESH |
| | * | |
| CAPITOL REPROGRAPHICS, LLC, et al | * | |
| | * | |
| Defendants | * | |

## MOTION TO VACATE ORDER OF DISMISSAL

Come now the Plaintiff, Robert Gillespie, by and through counsel, Rand L. Gelber, and moves this Honorable Court to vacate the Order of Dismissal without prejudice, pursuant to Rule 60(b) and Local Rule 105 and in support, states as follows:

1. That an Order of Dismissal was entered on April 24, 2007.

2. That prior to the entry of the Order of Dismissal, the Defendants were served with the Summons, Complaint and attachments, as more fully set forth in the accompanying Memorandum in support of this Motion.

WHEREFORE, based upon the foregoing and for such other arguments as may be advanced at a hearing in this matter, Plaintiff respectfully requests that the order of dismissal be vacated, that the affidavit of service be accepted for filing, and for such other and further relief as is just and proper.

Respectfully submitted,

/s/ Rand L. Gelber

---

Rand L. Gelber, Esq. Bar # 08663
One Church Street
Suite 802
Rockville, Maryland 20850
301-251-0202

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion to Vacate Order of Dismissal was mailed, postage prepaid, this 27th day of April, 2007 to Capitol Reprographics, LLC, 555 Capitol Mall, Suite 540, Sacramento, CA 95831 and Lucas Mageno, 555 Capitol Mall, Suite 540, Sacramento, CA 95831

/s/ Rand L. Gelber

---

Rand L. Gelber

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT GILLESPIE : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | 1:06-cv-2175-ESH |
| : | |
| CAPITOL REPROGRAPHICS, LLC, : | |
| et al. : | |
| : | |
| Defendants. : | |

**MEMORANDUM IS SUPPORT OF MOTION
TO VACATE ORDER OF DISMISSAL**

**STATEMENT OF THE CASE**

This suit was filed on or about December 20, 2006 and two (2) summonses were issued on that date, one for each named Defendant. Plaintiff initially attempted to effectuate service on the Defendants by Certified Mail at the Defendants' last known addresses in Sacramento, California. The Certified Mail for both summonses and complaints were signed for by J. Stepnagh, who is not one of the Defendants, nor is that individual a known authorized representative for the Defendants. Additionally, the postal service failed to record the date of signature on the "green card, copies of which are attached hereto as Exhibit #1. Shortly thereafter, on February 7, 2007, Plaintiff's counsel received a call from John Carmichael, an attorney in California who advised he was representing the Defendants and was aware of and had reviewed the instant suit and expressed a strong desire to resolve the matter. He further represented that he was requesting an extension of time in which to file an answer and strongly suggested that an offer of settlement would be presented in the interim. At the request of Plaintiff's counsel, Mr. Carmichael also agreed that he would prepare a stipulation with respect to the extension of time and fax it to counsel when complete for review and filing with the Court.

There were numerous telephone conversations in which Mr. Carmichael continually promised to provide the stipulations requested by Plaintiff's counsel; however, no stipulation was received. On March, 22, 2007, Plaintiff requested reissuance of the summonses, as memorialized in a letter from counsel to the Court, a copy of which is attached as Exhibit # 2.

On April 2, 2007, Plaintiff's counsel contacted the Clerk of the Court when it appeared that the summonses were not received. When Plaintiff's counsel learned that the request for summonses was not received, a new request was submitted to the Clerk of the Court, a copy of which is attached hereto as Exhibit # 3  Two summonses were then received and forwarded to a process server in Sacramento, California. The Defendants were personally served with these summonses, and copies of the return of service are attached hereto as Exhibit # 4.

On April 5, 2007, the undersigned received an email from this Court directing Plaintiff to file proof of service by April 20, 2007. Counsel's interpretation of that order was that it was moot, believing that it was entered prior to the issuance of the new, second set of summonses which were issued on April 5, 2007 and personally served on Defendants on April 23, 2007. After a review of the docket entries in preparation of this motion, it is now known that the Court entered its order contemporaneously with the issuance of the new summonses, and that the Order applied to the new summonses. On April 24, 2007, this Court entered an Order dismissing the Complaint without prejudice. Plaintiff files this motion seeking to set aside that Order of dismissal.

## ARGUMENT

This Court has revisory power under Rule 60 (b) of the Federal Rules of Civil Procedure. Rule 60 (b) states:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

Fed. R. Civ. P. R 60(b)

This is one of those cases where the facts demonstrate an occasion of "excusable neglect", where a misunderstanding concerning the Court's Order of April 5, 2007, led to the dismissal of the case after service of process was completed. The Supreme Court's analysis of Rule 60(b) in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993), was applied by the United States Court of Appeals for the District of Columbia Circuit in *In re Vitamins Antitrust Class Actions*, 327 F.3d 1207 (D.C. Cir. 2003). That Court stated that there are several "factors to consider when determining

what kind of neglect will be considered 'excusable'." Id.  Those factors include: "(1) the danger of prejudice to the party opposing the modification, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Id. (citing *Pioneer Inv. Servs. Co., supra*, at 395).

As to the first factor, there is no real prejudice to the Defendants if this motion is granted and the Order of Dismissal is vacated.  The dismissal was without prejudice which allows the Plaintiff to refile this action.  However, refiling this action will only serve to delay resolution of the dispute and result in additional costs for filing and serving the Defendants.  The only prejudice that would occur would be to the Plaintiff in the denial of the motion.  The opposing party has been properly served with the Complaint.  This case may proceed under this Court's direction.  The opposing party will suffer <u>no prejudice</u> if this Court vacates the order of dismissal.  On the other hand, Plaintiff will surely be prejudiced if this Court does not vacate the dismissal.  Absent vacating of the dismissal, Plaintiff will be required to re-file his Complaint, pay additional filing and service of process fees, and burden the Clerk of the Court with duplicative, redundant matters that are already before this Court.

With regard to the second factor, there will be no negative impact on judicial proceedings if this Court should vacate the order of dismissal and will only serve to expedite the resolution of the matter.

With respect to the third factor, any reasons for delays were caused by opposing counsel who acknowledged his awareness of the action and promised much but provided

nothing with respect to resolving this matter in a timely manner. Such delays were outside of movant's control.

Finally, with regard to the fourth factor, Plaintiff has acted with good faith in his attempts to effectuate service under the Rules and under this Court's direction. Additionally, Plaintiff has attempted to proceed and resolve this matter in a timely fashion and was unable to properly effectuate service through no fault of his own.

If any bad faith is present, it is at the hands of Defendants, or their counsel, in stringing Plaintiff along under false promises of settlement and ratifying service through stipulation. Plaintiff's counsel acted in good faith upon the representations of Defendants' counsel which were made in bad faith with the intent to deceive or with reckless disregard to the legal process and this Court.

In conclusion, Plaintiff submits that he has satisfied the foregoing test showing excusable neglect and respectfully requests that his Motion to Vacate Order of Dismissal be granted.

WHEREFORE, based upon the foregoing and such other arguments as may be advanced at a hearing on this matter, Plaintiff request that his Motion to Vacate Order of Dismissal be granted and that his matter be reinstated on the Court's docket for further proceeding.

          Respectfully submitted,

          __/s/__Rand L. Gelber_____
          Rand L. Gelber, Esq., Bar #08663
          One Church Street
          Suite 802
          Rockville, Maryland 20850
          301-251-0202
          Counsel for Plaintiff

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that the foregoing Memorandum in Support of Motion to Vacate Order of Dismissal was mailed, postage prepaid, this 27th day of April, 2007, to:

Capitol Reprographics, LLC
555 Capitol Mall, Suite 540
Sacramento, CA 95831

and

Lucas Mageno
555 Capitol Mall, Suite 540
Sacramento, CA 95831

                                                    ____/s/___Rand L. Gelber_____
                                                    Rand L. Gelber

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   J. STEPWAK
C. Date of Delivery

1. Article Addressed to:

LUCAS MACENO, INDIVI,
555 CAPITOL MALL
STE. 540
SACRAMENTO, CA 95831

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7004 1160 0005 9138 1598

PS Form 3811, February 2004    Domestic Return Receipt  1-3-07   102595-02-M-1

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )  J. STEPWAK
C. Date of Delivery

1. Article Addressed to:

CAPITOL REPROGRAPHICS, LLC
SERVE: RA: LUCAS MACENO
555 CAPITOL MALL, #540
SACRAMENTO, CA 95831

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered       ☒ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label)
7004 1160 0005 9138 1604

PS Form 3811, February 2004    Domestic Return Receipt  1-3-07   102595-02-M-1540

**RAND L. GELBER**
ATTORNEY AT LAW
ONE CHURCH STREET
SUITE 802
ROCKVILLE, MARYLAND 20850
(301) 251-0202
FACSIMILE(301)251-0849
EMAIL: RgelberMD@AOL.com

| | |
|---|---|
| MEMBER OF MARYLAND, VIRGINIA<br>DISTRICT OF COLUMBIA AND<br>NEW JERSEY BARS | 8000 TOWERS CRESCENT DRIVE<br>SUITE 1350<br>VIENNA, VA 22182 |

March 22, 2007

Clerk-**Jackie Francis**
United States District Court
District of Columbia
333 Constitution Avenue, N.W.
Room 1225
Washington, DC 20001

          Re:    Gillespie v. Capitol Reprographics
                   Case #:1:06CV02175

Dear Clerk:

      Please reissue the enclosed Summons (2) in the above referenced matter.

      If you have any questions please call.

      I thank you in advance for your cooperation.

                            Very truly yours,

                            Louise Golder
                            Secretary to Rand L. Gelber, Esq.

Enclosure
/lmg

**RAND L. GELBER**
ATTORNEY AT LAW
ONE CHURCH STREET
SUITE 802
ROCKVILLE, MARYLAND 20850
(301) 251-0202
FACSIMILE(301)251-0849
EMAIL: RgelberMD@AOL.com

| | |
|---|---|
| MEMBER OF MARYLAND, VIRGINIA<br>DISTRICT OF COLUMBIA AND<br>NEW JERSEY BARS | 8000 TOWERS CRESCENT DRIVE<br>SUITE 1350<br>VIENNA, VA 22182 |

April 2, 2007

To:   Jackie Francis
From: Louise Golder
Re:   Case #: 1:06CV02175

Dear Jackie:

    Pursuant to our phone conversation, I am resending the enclosed request to reissue the summons in the above referenced matter. I have included your name and room #1225, per your suggestion.

    Thank you for your assistance.

                              Very truly yours,


                              Louise Golder
                              Secretary to Rand L. Gelber, Esq.

# UNITED STATES DISTRICT COURT
## District of Columbia

ROBERT GILLESPIE
11159 Pond Fountain Court
New Market, MD 21774

**SUMMONS IN A CIVIL CASE**

V.

Capitol Reprographics, LLC
615 Las Tunas #X
Temple City, CA 91780

CASE NUMBER:  1:06CV02175

TO: (Name and address of Defendant)

Lucas Mageno, Individually
Serve: Registered Agent: Lucas Mageno
1325 G Street, NW
1st. Floor
Washington, DC 2005

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Rand L. Gelber, Esq.
One Church Street, Suite 802
Rockville, MD 20850
301-251-0202

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

**NANCY M. MAYER-WHITTINGTON**            4/5/07

CLERK                                    DATE

(By) DEPUTY CLERK

(Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

Service of the Summons and complaint was made by me<sup>(1)</sup>  
DATE: *April 23, 2007*

NAME OF SERVER (PRINT): *Steven Kennedy*  
TITLE: *California Registered Process Server* *Sacramento County # 2006-01*

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: *Lucas Mageno, 555 Capitol Mall, Suite 540, Sacramento, CA 95814*

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 0 | 55.00 | 55.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on *April 25, 2007*  
Date

Signature of Server: *Steven R. Kennedy*

Address of Server: *1814 I Street, Sacramento, CA 95814*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# UNITED STATES DISTRICT COURT
## District of Columbia

ROBERT GILLESPIE
11159 Pond Fountain Court
New Market, MD 21774

**SUMMONS IN A CIVIL CASE**

V.

Capitol Reprographics, LLC
615 Las Tunas #X
Temple City, CA 91780

CASE NUMBER:   1:06CV02175

TO: (Name and address of Defendant)

Capitol Reprographics
Serve: Registered Agent: Lucas Mageno
555 Capitol Mall, Suite 540
Sacramento, CA 95831

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Rand L. Gelber, Esq.
One Church Street, Suite 802
Rockville, MD 20850
301-251-0202

an answer to the complaint which is served on you with this summons, within ___20___ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON

CLERK

DATE  4/5/07

(By) DEPUTY CLERK

## RETURN OF SERVICE

| | |
|---|---|
| ce of the Summons and complaint was made by me[1] | DATE: April 23, 2007 |
| AME OF SERVER (PRINT): Steven Kennedy | TITLE: California Registered Process Server (Sacramento County 2006-01) |

Check one box below to indicate appropriate method of service

☒ Served personally upon the defendant. Place where served: Capitol Reprographics, LLC, 555 Capitol Mall, suite 540, Sacramento, CA 95814; by serving Lucus Mageno - Agent

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| 0 | 55.00 | 55.00 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on April 25, 2007
Date

Signature of Server: Steven R Kennedy

1814 I Street, Sacramento, CA 95814
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROBERT GILLESPIE | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | 1:06-cv-2175-ESH |
| | : | |
| CAPITOL REPROGRAPHICS, LLC, et al. | : | |
| | : | |
| Defendants. | : | |

## **ORDER**

Upon consideration of Plaintiff's Motion to Vacate Order of Dismissal, and the opposition thereto, if any, and good cause having been shown, it is this _____ day of _____, 2007

ORDERED that Plaintiff's Motion to Vacate Order of Dismissal be and the same is hereby GRANTED; and it is further

ORDERED that the Order of Dismissal be and the same is hereby VACATED.

_____
JUDGE