IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT GILLESPIE | : |
| Plaintiff, | : |
| v. | : Civil Case No. 06-2175 (ESH) |
| CAPITOL REPROGRAPHICS, LLC | : |
| and | : |
| LUCAS MAGENO | : |
| Defendants. | : |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**Plaintiff's Motion for Default Judgment**

COMES NOW the Plaintiff, Robert Gillespie ("Gillespie"), by and through counsel, Rand L. Gelber, and files this Motion for Default Judgment against Capitol Reprographics, LLC ("Capitol") and Lucas Mageno ("Mageno"), pursuant to Rule 55 of the Federal Rules of Civil Procedure, and states as follows:

1. On or about December 20, 2006, the Plaintiff filed a Complaint seeking a judgment against the Defendants for their failure to make payment to the Plaintiff pursuant to an Employment Agreement, a copy of which is attached to the Complaint as Exhibit #1. On April 23, 2007 the Defendants were served personally with the Summons and Complaint. An Order was entered on May 14, 2007 directing the Defendants to respond to the Complaint on or before June 1, 2007. To date, the Defendants have not filed a response to the Plaintiff's Complaint and are in default. On June 28, 2007, this Court entered an Order of Default.

2. That the Court's attention is directed to the accompanying Memorandum in support

of this Motion.

WHEREFORE, Robert Gillespie respectfully requests this Court grant his Motion for Default Judgment, entering judgment in favor of Robert Gillespie and against Defendants in the amount of $ 106,775.62, together with 6% interest from January 2, 2006, reasonable attorneys' fees and costs of this action, together with such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: July 11, 2007

/s/  Rand L. Gelber
_____
RAND L. GELBER, DC Bar # 370654
1 Church Street, Suite 802
Rockville, Maryland 20850
301-251-0202
Attorney for Plaintiff, Robert Gillespie

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of foregoing  Motion for Default Judgment was sent this 11th  day of July, 2007 via first-class mail, postage prepaid, to: Capitol Reprographics, LLC, 555 Capitol Mall, Suite 540, Sacramento, CA 95831 and to Lucas Mageno, 555 Capitol Mall, Suite 540, Sacramento, CA 95831.

/s/  Rand L. Gelber
_____
Rand L. Gelber

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT GILLESPIE | : |
| Plaintiff, | : |
| v. | : Civil Case No.06-2175 (ESH) |
| CAPITOL REPROGRAPHICS, LLC | : |
| and | : |
| LUCAS MAGENO | : |
| Defendants. | : |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**Memorandum in Support of Plaintiff's Motion for Default Judgment**

In support of Plaintiff, Robert Gillespie Motion for Default Judgment against Defendants Capitol Reprographics, LLC and Lucas Mageno submits the following memorandum:

**Factual Background**

Defendant Capitol Reprographics, LLC, is, and at all times relevant, a California Limited Liability Company registered to do business in the District of Columbia.

Defendant Lucas Mangeno, trading as Capitol Digital Document Solutions, LLC, is believed to be, at all relevant times listed below, a resident of the State of California and transacts business in the District of Columbia at 1325 G Street, NW, 1st Floor, Washington, DC 20005.

On November 1, 2003, Plaintiff and Defendant Lucas Mageno, trading as Capitol Digital, entered into an Employment Agreement ("Agreement"), a copy of which is attached to the Complaint as Exhibit #1, whereby Plaintiff would be employed as Director of Client Services for Defendant Lucas Mangeno's Capitol Digital's Washington, D.C. office.

As Defendant Lucas Mangeno and Capital Digital's employee, Plaintiff was responsible for day-to-day operations of Capitol Digital's Washington, D.C. office on a full-time and "best efforts" basis as an at will employee.

Pursuant to the Agreement, in addition to a monthly salary, Plaintiff would receive a ten percent (10%) commission on all sales over Twenty Thousand Dollars ($20,000.00) in any given month. Paragraphs 4 and 9 of the Agreement also provide that Plaintiff would receive a five percent (5%) profit sharing program that would begin accumulating from the beginning of employment.

On March 8, 2006, Plaintiff resigned from his position at Capitol Digital.

Paragraph 9 of the Agreement states that Defendants would pay Plaintiff five percent (5%) of net profits on an annual basis to be paid to Plaintiff in the subsequent year on a quarterly basis.

Paragraph 9 of the Agreement further provides that net profits are defined as revenue actually received by Defendants as a result of sales on a cash rather than accrual basis, less all operating expenses attributable to Capitol Digital's Washington, D.C. office. Paragraph 14 of the Agreement states that the party prevailing in any dispute arising out of or relating to the Agreement shall be awarded attorney's fees and costs.

According to Agreement, Plaintiff was to receive five percent (5%) of the net profits for the calendar years 2004 and 2005.

Defendants have failed to pay Plaintiff his five percent (5%) share of the net profits of the company for 2004 and 2005 and Defendants have breached the terms of the Agreement.

.

As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages and incurred costs as set forth in the affidavit of Plaintiff, and as supported by the Statements

of gross earnings, Defendants grossed $8,542,050.30 in 2004 and 2005 with net profits of $ 2,135,512.30 based upon a conservative figure of 25%. 5% of the net profits is $106,775.62.

## ARGUMENT

Rule 12(a)(1) of the Federal Rules of Civil Procedure ("FRCP") provides that the Defendant shall serve an Answer within 20 days after being served with the Summons and Complaint.

Rule 12(a)(1) states as follows:

> Unless a different time is prescribed in a statute of the United States, a defendant shall serve an answer within 20 days after being served with the summons and complaint.

Rule 55 of the FRCP provides for the entry of judgment by default in the event that a party fails to plead as provided by the rules.

Rule 55 states as follows:

> (a) **Entry**. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.
> (b) **Judgment**. Judgment by default may be entered as follows:
> (1) *By the Clerk*. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

> (2) *By the Court.* In all other cases the party entitled to a judgment by default shall apply to the court therefor; but not judgement by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative , who has appeared therein. If the party against who judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry, it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right or trial by jury to the parties when and as required by any statute of the United States.

It is clear that the Defendants have failed to plead or otherwise defend this action as provided under the Rules. No answer or other responsive pleading has been filed despite service of the Summons and Complaint. An Order of Default was entered by the Court on June 28, 2007.

As set forth in the Motion for Default Judgment and the exhibits supporting the Complaint, the Defendants are indebted to the Plaintiff based upon the Affidavit of Robert Gillespie, attached hereto and incorporated herein by reference as Exhibit # 1, the net profit for years 2004 and 2005 were $2,135,512.30 and 5% of that is $106,775.62 and the Defendants have failed to make payment to the Plaintiff pursuant to the terms of the

4

Employment Agreement, despite demand being sent.  See counsel's statement regarding attorneys fees claimed by Plaintiff, attached hereto as Exhibit #2.

WHEREFORE, Robert Gillespie respectfully requests this Court grant his Motion for Default Judgment, entering judgment in favor of Plaintiff Robert Gillespie and against Defendants Capitol Reprographics, LLC, and Lucas Mageno, in the amount of $ 106,775.62 together with 6 %interest from January 2, 2006, reasonable attorneys' fees and costs of this action, together with such other relief as the Court deems appropriate.

Respectfully submitted,

Dated: July 11, 2007

/s/ Rand L. Gelber
_____
RAND L. GELBER, DC Bar # 370654
1 Church Street, Suite 802
Rockville, Maryland 20850
301-251-0202
Attorney for Plaintiff, Robert Gillespie

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of foregoing Memorandum in Support of Motion for Default Judgment was sent this 11th day of July, 2007 via first-class mail, postage prepaid, to: to:Capitol Reprographics, LLC, 555 Capitol Mall, Suite 540, Sacramento, CA 95831 and to Lucas Mageno, 555 Capitol Mall, Suite 540, Sacramento, CA 95831.

/s/ Rand L. Gelber
_____
Rand L. Gelber

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT GILLESPIE : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civil Case No.06-2175 (ESH) |
| : | |
| CAPITOL REPROGRAPHICS, LLC : | |
| : | |
| and : | |
| : | |
| LUCAS MAGENO : | |
| : | |
| Defendants. : | |

**AFFIDAVIT OF ROBERT GILLESPIE**

The undersigned, being duly sworn, states as follows:

1. That I am an adult citizen and am competent to testify to the matter stated herein which are made upon my personal knowledge.

2. That I first became employed with Capitol Reprographics ("Capitol") in November 2003 as the Director of Client Services in the D.C. office, pursuant to an Employment Agreement attached to the Complaint.

3. I was previously employed in the document services business for 7 years doing essentially the same type of services offered by Capitol.

4. The Employment Agreement entitles me to 5% of the net profits of the business while I was employed.

5. Based upon my extensive experience in this industry and my familiarity with Capitol's operation, a conservative figure for net profits, which is gross revenues less

expenses, is 25%.

6. Capitol generated revenues of $ 8,542,050.30 in calendar years 2004 and 2005.

7. A conservative figure for net profits is $ 2,135,512.30, which is 25% of the gross revenues. My 5% share of the net profits is $ 106,775.62.

8. I have incurred attorneys fees as a result of the failure of Defendants to pay me my profit sharing, which shall be submitted in a separate Statement of Account of Rand L. Gelber.

/s/ Robert Gillespie
_____
Robert Gillespie

July 11, 2007

Robert Gillespie

PROFESSIONAL SERVICES

Capitol Reprographics

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| Date | Description | Hours |
|---|---|---|
| 06/28/06 | Conference with client and review complete file Including contract of employment | 1.5 hours |
| 07/12/06 | Draft letter to employer | .4 hours |
| 09/06/06 | Conference with client. Draft letter to employer | .75 hours |
| 10/24/06 | Conference with client. | .5 hours |
| 10/31/06 | Conference with client re proceeding with suit | .5 hours |
| 12/10/06 | Draft Complaint to file in United States District Court against employer. | 2.0 hours |
| 12/11/06 | Telephone conference with Clerk's office regarding filing and service requirements. | .2 hours |
| 12/12/06 | Prepare Summons for service on Defendants Prepare civil cover sheet and assemble all exhibits for filing. | .3 hours |
| 02/07/07 | Telephone conf with attorney for Mageno regarding settlement. Corresp to client | .4 hours |
| 02/10/07 | Review correspondence from Client re status | .2 hours |
| 03/05/07 | Telephone conference with client re service/stlment | |

| Date | Description | Hours |
|---|---|---|
| | E-mail letter to attorney | .3 hours |
| 03/12/07 | Telephone conference with attorney re stipulation | .3 hours |
| 03/20/07 | Draft letter to Court requesting reissuance of Summons | .2 hours |
| 04/01/07 | Telephone conference with court re summons Renew request for summons | .2 hours |
| 04/05/07 | Review docket entries regarding service | .15 hours |
| 04/24/07 | Review docket entry re dismissal | .15 hours |
| 04/27/07 | Draft Motion to Vacate Order of Dismissal and Memorandum of Law and Order and file | 2.0 hours |
| 06/22/07 | Draft Motion for Default Judgment, Memorandum in support, affidavit of Robert Gillespie, Military Affidavit and Order   and file electronically | 2.5 hours |
| 6/27/07 | Review Court Order, Draft Request for Order of Default and Affidavit and file electronically | .50 hours |
| 7/11/07 | Revise Motion for Default Memorandum and Order and file electronically | .50 hours |

**TOTAL** **13.55 hours**

@ **$275.00/hour**

**FEES** **$3726.25**

COSTS

| Date | Description | Amount |
|---|---|---|
| 12/10/06 | Filing fee. | 150.00 |
| 12/30/06 | Certified mail fee. | 10.22 |
| 04/23/07 | process server | 110.00 |

**TOTAL COSTS** **$270.22**

**TOTAL DUE** **$3996.47**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT GILLESPIE | : |
| Plaintiff, | : |
| v. | : Civil Case No.06-2175 (ESH) |
| CAPITOL REPROGRAPHICS, LLC | : |
| and | : |
| LUCAS MAGENO | : |
| Defendants. | : |

**Order Granting Judgment By Default**

Upon consideration of the Motion for Default Judgment by filed by the Plaintiff, Robert Gillespie and it appearing that the Defendants have failed to timely respond to the Complaint, and the Court entering an Order of Default on June 28, 2007, and it further appearing that the monies claimed by the Plaintiff from the Defendants are due and owing, and the relief requested should be granted, it is this _____ day of _____, 2007, by the United States District Court for the District of Columbia,

ORDERED, that Plaintiff's Motion for Judgment by Default be and the same is hereby GRANTED; and it is further

ORDERED, that judgment be and is hereby entered in favor of Plaintiff Robert Gillespie and against Defendants Capitol Reprographics, LLC and Lucas Mageno, jointly and severally, in the amount of $106,775.62, interest at 6% from January 2, 2006, together with attorney's fees of $ _____ and costs of this action.

                                                     _____
United States District Judge