IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
**ROBERT GILLESPIE**            )
                                )
    **Plaintiff,**          )
                                ) Civil Action No. 06-2175(ESH)
                                )
**v.**                          )
                                )
**CAPITOL REPROGRAPHICS, LLC**  )
 **and**                       )
                                )
**LUCAS MAGENO**                )
                                )
    **Defendants.**         )
_____)

<u>DEFENDANT LUCAS MAGENO'S ERRATA</u>

 Defendants' counsel has inadvertently filed an unverified Answer for Lucas Mageno in his fling of a Joint Motion to Vacate the Default Judgment.  Plaintiff's counsel is hereby filing and attaching the verified Answer of Lucas Mageno in its place and correcting the error.

Respectfully submitted,

   **LAW OFFICES OF ATHAN T. TSIMPEDES**

   **BY: ____/s/_____**          Dated: July 16, 2008.
     **Athan T. Tsimpedes**

   **11 Dupont Circle, NW**
   **Suite 500**
   **Washington, DC 20036**
   **202-638-2100**
   **atsimpedes@comcast.net**
   Attorney for Defendants

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Defendant Lucas Mageno s' Errata was served on this 16th day of July 2008, and additionally was served by email and first-class mail, postage prepaid, on Plaintiffs counsel on this same date, at the following addresses:

Rand L. Gelber
One Church Street
Suite 802
Rockville, MD 20850
Attorney for Plaintiff Robert Gillespie


                          \_\_\_\_/s/_____
                          Athan T. Tsimpedes, Esq.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| ROBERT GILLESPIE | ) |
| | ) |
|     Plaintiff, | ) |
| | ) Civil Action No. 06-2175(ESH) |
| | ) |
| v. | ) |
| | ) |
| CAPITOL REPROGRAPHICS, LLC | ) |
|  and | ) |
| | ) |
| LUCAS MAGENO | ) |
| | ) |
|     Defendants. | ) |

_____)

**VERIFIED ANSWER OF LUCAS MAGENO IN SUPPORT OF HIS
MOTION TO VACATE DEFAULT AND DEFAULT JUDGMENT**

    Defendant Lucas Mageno ("Mageno"), in support of Defendants' Joint Motion to Vacate Default Judgment and Stay Proceedings During Receivership, provides the following Verified Answer, to be supplemented as documents become available following termination of defendant Capitol Reprographics, LLC's receivership:

**COMPLAINT**

    Plaintiff Robert Gillespie ("Gillespie"), by and through his attorney, Rand L. Gelber, Esquire, and for his Complaint against Defendants Capitol Reprographics, LLC ("Capitol Reprographics") and Lucas Mangeno [sic], individually and trading as Capitol Digital Document Solutions, LLC ("Capitol Digital"), and states as follows:

**ANSWER:**    Defendant Mageno has been informed, but does not have personal knowledge, that plaintiff is represented by Rand L. Gelber. Defendant Mageno acknowledges that this complaint, on its face, appears to concern Capitol Reprographics, LLC ("Capitol"). Defendant Mageno notes that defendant Mageno's name was misspelled consistently in body of the Complaint, although it is spelled

correctly in the caption. Defendant Mageno denies knowledge of such any entity or trade name as "Capitol Digital Document Solutions, LLC," and denies trading under such a name.

## JURISDICTION

1.  The jurisdiction of the Court over this controversy is based upon 28 U.S.C. § 1332, as the matter in controversy exceeds, exclusive of interest and costs, the sum or value of ($75,000.00) and the parties are diverse.

**ANSWER:** This allegation calls for a legal conclusion, and therefore no answer is required. Nonetheless, defendant Mageno admits that the parties are completely diverse, but denies that the amount in controversy exceeds the sum or value of $75,000.00.

## VENUE

2.  This case is properly before the United States District Court for the District of Columbia, because the events giving rise to Plaintiff's claims occurred in the District of Columbia and the Defendant, Capitol Reprographics, LLC, is a California limited liability company with authority to transact business in the District of Columbia, and Defendant Lucas Mangeno [sic], trading as Capitol Digital Document Solutions, LLC, is transacting business in the District of Columbia.

**ANSWER:** Insofar as any part of this allegation calls for a legal conclusion, such conclusion requires no answer. Defendant Mageno admits that the events in question occurred in the District of Columbia; admits defendant Capitol is a California limited liability company with authority to transact business in the District of Columbia; denies that defendant Lucas Mageno has transacted business in the District of Columbia, through Capitol; and denies that defendant Lucas Mageno "trade[s] as" Capitol Digital Document Solutions, LLC.

## PARTIES

    3. Plaintiff Gillespie is, and at all time relevant, a resident of the State of Maryland.

**ANSWER:** Defendant Mageno has no direct knowledge of this allegation and therefore denies it.

    4. Defendant Capitol Reprographics, LLC, is, and at all times relevant, a California Limited Liability Company registered to do business in the District of Columbia. Upon investigation, Capitol Reprographics appears to be a parent company of Capitol Digital Document Solutions, LLC, an unformed entity.

**ANSWER:** Defendant Mageno admits the allegations in the first sentence. Defendant Mageno denies all allegations in the second sentence.

    5. Defendant Lucas Mangeno, trading as Capitol Digital Document Solutions, LLC, is believed to be, at all relevant times listed below, a resident of the State of California and transacts business in the District of Columbia at 1325 G Street, NW, 1st Floor, Washington, DC 20005.

**ANSWER:** Defendant Mageno admits that he is a resident of the State of California. Defendant Mageno denies all other allegations in this paragraph.

## FACTS

    6. On November 1, 2003, Plaintiff and Defendant Lucas Mageno, trading as Capitol Digital, entered into an Employment Agreement ("Agreement"), a copy of which is attached hereto and incorporated herein by reference as Exhibit #1, whereby Plaintiff would be employed as Director of Client Services for Defendant Lucas Mangeno's Capitol Digital's Washington, D.C. office.

**ANSWER:** Denied. Defendant Mageno further states that the attached document speaks for itself, and admits that the attached document appears to concern the employment of Plaintiff at Capitol's Washington, D.C. office by defendant Capitol and not by Mageno, and otherwise refers to the text of said document for all relevant facts.

      7. As Defendant Lucas Mangeno and Capital [sic] Digital's employee, Plaintiff was responsible for day-to-day operations of Capitol Digital's Washington, D.C. office on a full-time and "best efforts" basis as an at will employee.

**ANSWER:** Denied as to all assertions concerning Lucas Mageno, who did not personally employ Plaintiff. Defendant Mageno avers that the document referenced in paragraph 6 of the Complaint speaks for itself concerning all other allegations in paragraph 7.

      8. Pursuant to the Agreement, in addition to a monthly salary, Plaintiff would receive a ten percent (10%) commission on all sales over Twenty Thousand Dollars ($20,000.00) in each month. Paragraphs 4 and 9 of the Agreement also provide that Plaintiff would receive a five percent (5%) profit sharing program that would begin accumulating from the beginning of his employment.

**ANSWER:** This allegation calls for a legal conclusion, and therefore no answer is required. Notwithstanding its legal nature, defendant Mageno denies any factual assertion contained in this allegation, and asserts that the document referred to in the allegation speaks for itself.

      9. On March 8, 2006, Plaintiff resigned from his position at Capitol Digital.

**ANSWER:** To the best knowledge of defendant Mageno, this allegation is substantially true.

      10. Paragraph 9 of the Agreement states that Defendants would pay Plaintiff five percent (5%) of net profits on an annual basis to be paid to Plaintiff in the subsequent year on a quarterly basis.

**ANSWER:** This allegation calls for a legal conclusion, and therefore no answer is required. Notwithstanding its legal nature, defendant Mageno denies any factual assertion contained in this allegation, and asserts that the document referred to in the allegation speaks for itself.

      11. Paragraph 9 of the Agreement further provides that net profits are defined as revenue actually received by

      Defendants as a result of sales on a cash rather than accrual basis, less all operating expenses attributable to Capitol Digital's Washington, D.C. office.

**ANSWER:**    This allegation calls for a legal conclusion, and therefore no answer is required. Notwithstanding its legal nature, defendant Mageno denies any factual assertion contained in this allegation, and asserts that the document referred to in the allegation speaks for itself.

      12.   Paragraph 14 of the Agreement states that the party prevailing in any dispute arising out of or relating to the Agreement shall be awarded attorney's fees and costs.

**ANSWER:**    This allegation calls for a legal conclusion, and therefore no answer is required. Notwithstanding its legal nature, defendant Mageno denies any factual assertion contained in this allegation, and asserts that the document referred to in the allegation speaks for itself.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

      13.   Plaintiff re-alleges paragraphs 1 through 12 as if fully set forth herein and alleges further:

**ANSWER:**    Defendant Mageno repeats its answers to paragraphs 1 through 12 as if fully set forth at this point.

      14.   Pursuant to the Agreement, Plaintiff was to receive five percent (5%) of the net profits for the calendar years 2004 and 2005.

**ANSWER:**    This allegation calls for a legal conclusion, and therefore no answer is required. Notwithstanding its legal nature, defendant Mageno denies any factual assertion contained in this allegation, and asserts that the document referred to in the allegation speaks for itself.

      15.   It is believed and therefore averred that Defendants have failed to pay Plaintiff his five percent (5%) share of the net profits of the company for calendar years 2004 and 2005.

**ANSWER:** Insofar as this allegation calls for a legal conclusion, no answer is required. Notwithstanding legal conclusions included in or implied by this allegation, defendant Mageno denies all factual allegations contained in this allegation.

    16.   Defendants have breached the terms of the Agreement.

**ANSWER:** This allegation calls for a legal conclusion, and therefore no answer is required. Notwithstanding its legal nature, defendant Mageno denies any factual assertion contained in this allegation.

    17.   As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages and incurred costs in an amount to be determined at trial.

**ANSWER:** This allegation calls for a legal conclusion, and therefore no answer is required. Notwithstanding its legal nature, defendant Mageno denies any factual assertion contained in this allegation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants, and prays that the following relief be awarded to Plaintiff:

    (a)   for compensatory and consequential damages against Defendants for breach of contract;

    (b)   for Plaintiff's attorney's fees and costs in this action pursuant to Paragraph 14 of the Agreement between Plaintiff and Defendants;

    (c)   for an order requiring Defendants to produce supporting documentation and information necessary to verify the accuracy of any calculations or estimations of Plaintiff's share of net profits;

    (d)   for such other and further relief as is deemed appropriate.

**ANSWER:** Defendant Mageno denies that plaintiff is due any relief against him

on the basis of this Complaint. Defendant Mageno specifically and additionally denies that he has any liability for purported consequential damages to Plaintiff, and denies that there exists any basis in law or fact for requiring defendant to pay Plaintiff's attorney's fees in an action of this nature based upon the employment agreement at issue.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:** This allegation calls for a legal conclusion, and therefore no answer is required. Notwithstanding its legal nature, defendant Mageno denies any factual assertion contained in this allegation.

## AFFIRMATIVE DEFENSES ASSERTED BY DEFENDANT LUCAS MAGENO

Defendant Lucas Mageno asserts the following affirmative defenses, to be supplemented as documents become available during discovery and following termination of its receivership:

1. Plaintiff is barred from any recovery by the doctrine of unclean hands.

2. Plaintiff is barred from any recovery by the doctrines of laches, waiver, and/or estoppel.

3. Plaintiff is barred from any recovery because he refused tender of all amounts due him by contract.

4. Plaintiff is barred from any recovery because any recovery potentially due him is subordinate to and dependent upon amounts remaining after satisfaction of more-senior obligations.

5. Plaintiff failed to mitigate his damages, and any recovery he might otherwise be due must be reduced accordingly.

6. Plaintiff's resignation without adequate notice breached the terms of the employment contract and caused substantial damages, which must be set off against any recovery.

7. Mageno is not subject to the personal jurisdiction of this Court because he is a mere officer of the corporate entity that appears to have actually employed Plaintiff.

8. Mageno has no personal liability to plaintiff.

9. Mageno has no personal liability for damages arising from any alleged breach of contract by the corporate defendant Capitol Reprographics, LLC.

10. Mageno has no personal liability for any other form of relief or damages arising from or related to any alleged breach of contract by the corporate defendant Capitol Reprographics, LLC.

11. The complaint fails to state a claim against Mageno for which relief can be granted.

12. The complaint fails to properly invoke the diversity jurisdiction of this Court.

Respectfully submitted,

    LAW OFFICES OF ATHAN T. TSIMPEDES

    BY: ____/s/_____                    Dated: July 16, 2008.
        Athan T. Tsimpedes

    11 Dupont Circle, NW
    Suite 500
    Washington, DC 20036
    202-638-2100
    atsimpedes@comcast.net
    Attorney for Defendants

## Verification

I, Lucas Mageno, have read the Answer prepared on behalf of myself as an individual defendant, and declare under penalty of perjury under the laws of the United States, that the contents contained in that Answer are true and correct.

Signed this 8th day of July in California.

_____

Lucas Mageno (as an individual defendant)